## PETER P. WINTERMUTE, RESPONDENT, *v.* JAY COOKE AND JAMES STINSON, APPELLANTS.

*Contract — public policy — Bonds — contracted to be delivered — presumption as to par value — Res adjudicata — Identity of grounds of defense, not identity of subject-matter, the test.*

APPEAL from a judgment entered on a trial before, and decision by Mr. Justice BOARDMAN, at the Special Term in favor of the plaintiff and the defendant Stinson, against the defendant Jay Cooke for $61,163.50.

The action was brought by the plaintiff against the defendants, to recover the sum of $50,000 alleged to be due to the plaintiff and defendant Stinson from the defendant Cooke, upon a contract entered into by said plaintiff and said defendants, and for an accounting between plaintiff and Stinson. Cooke denied his liability; Stinson admitted the contract and the liability of Cooke thereon to the amount claimed, but denied that the plaintiff was entitled to any part thereof, asserting that the same belonged to him, and that in all matters relating to said contract the plaintiff acted as his agent. The issues between the plaintiff and defendant Stinson, and the taking of an account between them, were referred to Hon. George B. Bradley to take the testimony in regard thereto and report the same to the court with his conclusions thereon, all other questions being reserved.

The contract on which the action was brought was made January 28th, 1870, between Stinson & Wintermute of the first part and Jay Cooke, trustee, of the second; and recites that S. & W. are among the incorporators of the Northern Wisconsin Railway Company, and in consideration of $50,000 cash and $50,000 in bonds of the Northern Pacific Railroad Company, sell to Jay Cooke, trustee, "all their right, title, interest and estate, of, in and to the said charter." That they will also, at a future meeting of the incorporators, have appointed such commissioners to open books and receive subscriptions of stock as shall be named by the party of the second part; and that they will also "assist the party of the second part in obtaining the necessary legislation in Congress and

the State of Wisconsin, in relation to land grants, corporate privileges, and all. other matters needful to contribute to the success of the enterprise." At the time the contract was made $50,000 was paid in cash, and there was indorsed on the contract a receipt therefor, signed by S. & W., in which they stipulate that the remaining payment of $50,000, N. P. bonds, should not be made. until "they comply with the conditions for organization of the Northern Wisconsin Railway Company as set forth; it being understood and agreed that the consideration paid and agreed to be paid is for vesting the title of said Northern Wisconsin Railway Company in Jay Cooke, trustee, or such party as he may designate."

. The referee, who took the evidence, found, and the court approved, that, as to the allegation of Stinson, that the plaintiff was his agent merely in the subject-matter of the contract, having no right whatever as principal to the funds arising from its performance by Cooke, that this question had been decided against Stinson in an action in the Court of Common Pleas in and for the county of Ramsay, State of Minnesota, wherein W. was plaintiff and S. defendant, and was, therefore, *res adjudicata.* The record in that case was put in evidence, and jurisdiction of the parties and the subject-matter was undisputed. It did not appear from the pleadings in that case that the question here raised was necessary to the determination of the issues there presented; but, attached to the roll, and forming part of it, was a case containing the evidence given on the trial, from which it appeared very conclusively that such question was litigated in that suit and was submitted to the jury, and that the decision of that case was made to depend on that question alone. The oral proof put in before the referee tended to the same conclusion. The jury found for Wintermute, and judgment was entered in the action on the verdict. That the defense of Stinson on the proof in that suit being the same here pleaded, he must be held concluded thereby; the evidence here given showing the question there litigated was competent. The fact could be established by oral proof.

*Held,* as against the appellant Cooke, that the contract was not void as being against public policy.

That the judgment was properly against Cooke for money, the

pleadings and proof showing conclusively a demand for the bonds, and his non-compliance therewith.

That the presumption was also that the bonds were of par value, in the absence of all evidence to the contrary.

That the contract was based on a good and sufficient consideration, viz., the obtaining the control of the organization, and the right to use and enjoy the franchises of such railroad, which was obtained through the active interposition of S. & W., in pursuance of the contract.

*Held,* also, that a judgment in a former suit will be conclusive in a second action between the same parties on the same question, although the subject-matter may be different. In such case the question is not on the identity of the cause of action, but on the identity of the grounds of defense set up in the former action, with those relied on in the present suit.

*Thomas H. Hubbard* and *G. L. Smith,* for the appellant Cooke. *Murdock & Stephens,* for the appellant Stinson. *J. McGuire,* for the respondent.

Opinion by BOCKES, J.

Present — LEARNED, P. J., and BOCKES, J. BOARDMAN, J., taking no part.

Judgment affirmed.